IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 30 2007
CHRIS R. JOHNSON, CLERK

WILLIE JUNIOR LEE                                         PLAINTIFF

v.                       Civil No. 07- 1034

JOHN DOE, Pulaski County
Deputy Sheriff; and John Doe,
Pulaski County Intake Officer                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Willie Lee, is currently confined in the Union County Jail. He submitted a complaint for filing in this district pursuant to 42 U.S.C. § 1983. The complaint was provisionally filed subject to a later determination of whether plaintiff should be granted in forma pauperis status and whether the complaint should be served.

Lee names as defendants two unknown deputies employed at the Pulaski County Sheriff's Department. Lee asserts he was hit on the head with a brick and when he called for help he was taken to jail and put in a cell where he was left for over two hours.

In § 1983 cases venue is determined by reference to the general venue statute, 28 U.S.C. § 1391. Under section 1391 (b) venue is proper in civil rights actions in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Pulaski County is within the Eastern District of Arkansas. Under 28 U.S.C. § 1406(a), this

court may transfer this case to a district in which this case could have been brought. The case should have been brought in the Eastern District of Arkansas as that is the district where the defendants reside and in which the events occurred. Therefore, it appears the interests of justice would best be served by transferring this case to the Eastern District of Arkansas.

I therefore recommend that this case be transferred to the Eastern District of Arkansas. 28 U.S.C. § 1406(a).

**Lee has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Lee is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of April 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE